**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:24-cv-22298-Altman/Lett

**ADEL BERMAN**,

Plaintiff,

v.

**JUVIA HOLDINGS, LLC,**

Defendant.
_____________________________/

**REPORT AND RECOMMENDATION ON PLAINTIFF ADEL BERMAN'S MOTION FOR DEFAULT FINAL JUDGMENT**

This matter is before the Court upon the Honorable Roy K. Altman's Order of Referral, [ECF No. 12], regarding Plaintiff Adel Berman's ("Plaintiff") Motion for Default Final Judgment (the "Motion") against Defendant, Juvia Holdings, LLC ("Defendant"). [ECF No. 13]. Having reviewed Plaintiff's Motion, the record, and relevant legal authorities, for the reasons provided herein, it is **RECOMMENDED** that Plaintiff's Motion for Final Default Judgment be **GRANTED**.

**PROCEDURAL BACKGROUND**

On June 13, 2024, Plaintiff filed a single-count complaint for discrimination against Defendant pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and 29 C.F.R. § 1614.501 ("Complaint"). [ECF No. 1]. On August 22, 2024, Defendant was served a copy of the summons, civil cover sheet, and complaint in this action, and

thus, was required to respond to the Complaint by September 12, 2024. [ECF No. 7]. Defendant failed to timely respond to the Complaint or otherwise appear. On September 16, 2024, a clerk's default was entered against Defendant. [ECF No. 11]. Subsequently, on September 30, 2024, Plaintiff filed a Motion for Default Final Judgment. [ECF No. 13].[1] On November 7, 2024, this Court held an evidentiary hearing to determine Plaintiff's entitlement to the damages sought [ECF No. 16].

**FACTUAL BACKGROUND**

In or around April 2023, Plaintiff responded to a job advertisement which sought a reservationist for a restaurant owned and operated by Defendant. Complaint ¶ 12. Plaintiff interviewed for the position and informed Defendant that she observed Shabbat as part of her Jewish religious practices. *Id.* ¶ 14. Plaintiff also informed Defendant that her religious practices prohibited her from working sundown each Friday through sundown on Saturday. *Id.* Defendant assured Plaintiff that her religious practices would not be a problem because her availability was otherwise flexible and other receptionists were available to work during Plaintiff's observance of Shabbat. *Id.* ¶¶ 15-16. After Plaintiff accepted the reservationist position, Defendant began questioning Plaintiff's religious practices and pressured Plaintiff to work during Shabbat. *Id.* ¶ 18. Defendant informed Plaintiff that she could only keep her job as a reservationist at Juvia if she worked during

[1] Plaintiff served Defendant's Registered Agent with a copy of Plaintiff's Motion for Default Final Judgment on October 30, 2024. *See* ECF No. 17.

Shabbat. *Id.* ¶ 20. Plaintiff was later terminated because of her inability to work during Shabbat. *Id.* ¶ 23.

## LEGAL STANDARD

Under Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." "After the clerk enters a default, the Court is authorized to enter a final default judgment if the party seeking it applies for one." *Univ. of Miami v. Caneup, LLC*, No. 23-cv-23829, 2024 WL 4500790, at *3 (S.D. Fla. 2024) (citing Fed. R. Civ. P. 55(b)(2)). However, "entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015). "Thus, before entering a default judgment for damages, the complaint must state sufficient facts to support a substantive cause of action and include a sufficient basis for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact' as set forth in the operative complaint." *Univ. of Miami*, 2024 WL 4500790 at *3 (quoting *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1298 (S.D. Fla. 2016)).

Once liability has been established, the court must assess damages. The court may examine affidavits submitted and, at its own discretion, conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. *See PNC BANK, N.A. v. Kool Stuff Designs, LLC, et al.*, No. 24-cv-61283, 2024 WL 4652130, at *3 (S.D. Fla. 2024) (quoting Fed. R. Civ. P. 55(b)(2)).

## ANALYSIS

### A. Service

The record indicates that Defendant was served with process in this matter. An executed return of service was properly docketed which reflects that Defendant's registered agent was served with the complaint in this matter on August 21, 2024 at 3:15pm. [ECF No. 6]. Under the Federal Rules of Civil Procedure, service of process on a corporation may be effectuated by delivering a copy of the summons and complaint to an agent authorized by law to receive service. Fed. R. Civ. P. 4(h)(1)(B). Florida authorizes service on a limited liability company via a designated registered agent. Fla. Stat. § 48.091(2).

### B. Pleading Discrimination

Title VII makes it unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 41 U.S.C. 2000c-2(a)(1). The term "religion"


is defined to include all "aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

Employees have a choice between two theories when asserting religious discrimination claims: disparate treatment and failure to accommodate. *See Hellinger v. Eckerd Corp.*, 67 F. Supp. 2d 1359, 1362 (S.D. Fla. 1999).[2] To establish a *prima facie case* of religious discrimination under the failure to accommodate theory, a plaintiff must prove: "1) that the Plaintiff had a *bona fide* religious belief that conflicted with an employment requirement; 2) that he informed his employer about the conflict; and 3) that he was discharged or not hired for failing to comply with the conflicting employment requirement." *Id.* (quoting *Beadle v. Hillsborough Cnty. Sheriff's Dep't,* 29 F.3d 589, 592 n.5 (11th Cir.1994)).

Plaintiff adequately pled a claim of religious discrimination in violation of Title VII. Plaintiff pled that she is Jewish and in adherence with her religious practices is prohibited from working from sundown each Friday through Sundown on Saturday. Complaint ¶ 13. Plaintiff pled that she interviewed for a reservationist position with Defendant, "and during the course of the interview process, she specifically stated that she observed shabbat and could not work from sundown on Fridays through

---

[2] Plaintiff proceeds under the failure to accommodate theory. *See* Complaint ¶ 22 ("Defendant failed to reasonably accommodate Plaintiff in accordance with the law.").

Saturday." *Id.* ¶¶ 12, 14. Plaintiff further pled that Defendant assured her that observing Shabbat would not be problematic and her Shabbat observance would not be affected. *Id.* ¶¶ 15-16. Additionally, Plaintiff pled that Defendant informed her that "she could only keep her job as a receptionist at Juvia if she worked on Shabbat, per the request of the managers." *Id.* ¶ 20. Finally, Plaintiff pled that "she was terminated due, in part or in whole, to her observance of Shabbat." *Id.* ¶ 23. Defendant, by failing to respond to the Complaint in a timely manner, has defaulted and admitted these facts. *See Univ. of Miami*, 2024 WL 4500790 at *3 (quoting *TracFone Wireless, Inc.*, 196 F. Supp. 3d at 1298). Accordingly, Defendant is entitled to a final default judgment.

**C. Damages**

A plaintiff that faced intentional discrimination by her employer in violation of Title VII may be awarded compensatory and punitive damages, back pay, and reasonable attorney's fees and costs. 42 U.S.C. §§ 1981a(a)(1), (b), 2000e-5(g)(1), (k).

**1. Back Pay**

Plaintiff seeks back pay totaling $11,830, consisting of (a) $4,900 for the 7-week period she was unemployed after Defendant terminated her employment ($20 hourly wage x 35 hours per week x 7 weeks); and (b) $6,930 for a period of 66 weeks after she regained employment but earned $3 less per hour than she earned working

for Defendant ($3 hourly wage x 35 hours per week x 66 weeks).[3] Plaintiff provided an affidavit supporting this amount in back pay. [ECF No. 13-1]. The Court recommends that Plaintiff be awarded $11,830 in back pay.

**2. Attorney's Fees**

Plaintiff seeks and is entitled to an award of reasonable attorney's fees. *Lee v. HQM of Fort Myers, LLC*, No. 2:11–cv–714–FtM–99DNF, 2012 WL 3545700, at *4 (M.D. Fla. 2012) ("[a] court in its discretion may award attorney's fees to the prevailing party in an action brought pursuant to 42 U.S.C. § 2000e."). Reasonable attorney's fees are calculated using the lodestar method which requires a court to look at the numbers of hours expended multiplied by a reasonable hourly rate. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* The attorney seeking fees bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id.* Nevertheless, the Court is an expert on the question of attorney's fees and "may consider its own knowledge and experience concerning reasonable and

[3] Title VII limits back pay to that accruing no more than two years prior to the filing of a charge with the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(g)(1).

proper fees and may form an independent judgement either with or without the aid of witnesses as to value." *Id*. at 1303.

Plaintiff seeks attorney's fees totaling $5,900, consisting of $500 per hour for 11.48 hours. Plaintiff's attorney provided an Affidavit of Attorney's Fees which includes a billing record detailing this amount. [ECF No. 13-2]. Based on the affidavit, counsel's credentials[4], the complexity of issues, and the procedural posture of this case, the Court finds that a rate of $450 per hour is appropriate. *See Liona v. Am. Elite Recovery,* LLC, No. 19-60325, 2019 WL 5260280, at *2 (S.D. Fla. 2019) (awarding $450 per hour to an attorney with roughly 17 years of legal experience where the case resolved quickly by way of a default judgment). The Court also concludes that the number of hours expended is reasonable.[5] Accordingly, the Court recommends that Plaintiff be awarded $5,112 in attorney's fees.

**3. Costs**

Plaintiff seeks an award of costs totaling $730, consisting of (a) $405 for the court filing fee and (b) $325 for service of process. Plaintiff's Affidavit for Attorney's Fees includes a billing record detailing these amounts. [ECF No. 13-2]. The Court recommends that Plaintiff be awarded $730 in costs.

---

4 Plaintiff's counsel testified that she has almost twenty (20) years of legal experience, comprised of her experience after admittance to the New York bar and Florida bar in 2006 and 2019, respectively. Counsel further testified to her experience as lead counsel in various class action suits.

5 Based on the Court's calculation of Plaintiff's counsel's billing record, the total hours expended is 11.36.

**D. Conclusion**

For the foregoing reason, the Court recommends that Plaintiff Adel Berman's Motion for Default Final Judgment [ECF No. 13] be **GRANTED**. The Court recommends that default final judgment be entered in favor of Plaintiff Adel Berman and against Juvia Holdings, LLC. The Court further recommends that Plaintiff be awarded damages totaling $17,672, consisting of $11,830 in back pay, $5,112 in attorney's fees, and $730 in costs, together with statutory interest.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**SIGNED** this 13th day of November, 2024.

Enjoliqué A. Lett

ENJOLIQUÉ A. LETT
UNITED STATES MAGISTRATE JUDGE

cc: **United States District Judge Roy K. Altman**
**All Counsel of Record**