UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-22298-ALTMAN/Lett

**ADEL BERMAN**,

    *Plaintiff*,

v.

**JUVIA HOLDINGS LLC**,

    *Defendant*.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Our Plaintiff, Adel Berman, filed a single-count complaint, alleging that the Defendant discriminated against her under Title VII of the Civil Rights Act of 1964 ("Title VII") and 29 C.F.R. § 1614.501 (the "Complaint") [ECF No. 1]. The Plaintiff properly served the Defendant on August 22, 2024, *see* Return of Service [ECF No. 6]; *see also* Paperless Docket Entry Return of Service [ECF No. 7],[1] which means that the Defendant had until September 12, 2024, to respond to the Complaint, *see* FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer: . . . within 21 days after being served with the summons and complaint[.]"). But the Defendant failed to respond to the Complaint or otherwise appear in this case. *See generally* Docket. So, on September 16, 2024, the Clerk entered a default against the Defendant. *See* Clerk's Entry of Default [ECF No. 11].

Our Plaintiff then filed a Motion for Default Final Judgment, arguing that "the Defendant failed to provide reasonable accommodations for the Plaintiff's religious beliefs and observances," and that "[t]he Defendant has failed to file any paper contesting or responding to any portion of the

---

[1] The Report and Recommendation (the "R&R") says that "[a]n executed return of service was properly docketed which reflects that Defendant's registered agent was served with the complaint in this matter on August 21, 2024, at 3:15pm. [ECF No. 6]." R&R [ECF No. 18] at 4. But the return of service makes clear that the Defendant's registered agent was served "on the 22nd day of August, 2024 at 3:20 pm[.]" Return of Service [ECF No. 6].

complaint and the facts alleged in the Complaint must thereby be deemed admitted." Plaintiff's Motion for Final Default Judgment (the "Motion") [ECF No. 13] ¶¶ 4, 6.

On November 13, 2024, after holding an evidentiary hearing to assess the Plaintiff's claimed damages, *see* Paperless Order Setting Hearing [ECF No. 16], Magistrate Judge Enjoliqué A. Lett issued a Report and Recommendation, in which she suggested that we grant the Motion because the "Plaintiff adequately pled a claim of religious discrimination in violation of Title VII," and because "[a] plaintiff that faced intentional discrimination by her employer in violation of Title VII may be awarded compensatory and punitive damages, back pay, and reasonable attorney's fees and costs." Report and Recommendation (the "R&R") [ECF No. 18] at 5, 6. Magistrate Judge Lett also issued the following warning:

> Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

*Id.* at 9. More than fourteen days have passed, and neither side has objected. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these

2

findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

In her R&R, Magistrate Judge Lett found that the "Defendant was served with process in this matter," R&R at 4, and that, "by failing to respond to the Complaint in a timely manner, [the Defendant] has defaulted and admitted" the following facts:

> that she is Jewish and in adherence with her religious practices is prohibited from working from sundown each Friday through Sundown on Saturday. Complaint ¶ 13. Plaintiff pled that she interviewed for a reservationist position with Defendant, "and during the course of the interview process, she specifically stated that she observed shabbat and could not work from sundown on Fridays through Saturday." *Id.* ¶¶ 12, 14. Plaintiff further pled that Defendant assured her that observing Shabbat would not be problematic and her Shabbat observance would not be affected. *Id.* ¶¶ 15-16. Additionally, Plaintiff pled that Defendant informed her that "she could only keep her job as a receptionist at Juvia if she worked on Shabbat, per the request of the managers." *Id.* ¶ 20. Finally, Plaintiff pled that "she was terminated due, in part or in whole, to her observance of Shabbat." *Id.* ¶ 23.

*Id.* at 5–6. According to Magistrate Judge Lett, therefore, the "Plaintiff adequately pled a claim of religious discrimination in violation of Title VII," *id.* at 5, and is "entitled to a final default judgment," *id.* at 6.[2]

Magistrate Judge Lett also recommended that the "Plaintiff be awarded damages totaling $17,672, consisting of $11,830 in back pay, $5,112 in attorney's fees, and $730 in costs, together with statutory interest." *Id.* at 9. Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R and now adopt it in full.

We therefore **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 18] is **ACCEPTED and ADOPTED** in full.

---

[2] The R&R says that the "*Defendant* is entitled to a final default judgment." R&R at 6 (emphasis added). This is obviously a scrivener's error. We now clarify that the final default judgment is entered in favor of the *Plaintiff* and against the Defendant.

2. The Plaintiff's Motion for Default Final Judgment [ECF No. 13] is **GRANTED**. We'll issue a final judgment separately under FED. R. CIV. P. 58.

**DONE AND ORDERED** in the Southern District of Florida on December 3, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record